IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME MCINTYRE | : | CIVIL ACTION |
| v. | : | |
| PA BOARD OF PROBATION & PAROLE COMMONWEALTH OF PENNSYLVANIA | : | NO. 13-1989 |



FILED
JUN - 5 2013

MEMORANDUM

O'NEILL, J.                                                    JUNE 5, 2013

Currently before the Court is plaintiff Jerome McIntyre's amended complaint against the Pennsylvania Board of Probation & Parole and the Commonwealth of Pennsylvania. For the following reasons, the Court will dismiss the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

I.   FACTS AND PROCEDURAL HISTORY

In his initial complaint, plaintiff asserted constitutional claims against the Pennsylvania Board of Probation & Parole and the Commonwealth of Pennsylvania, pursuant to 42 U.S.C. § 1983. His claims appeared to be based on a 1997 arrest, his conviction and imprisonment, his rearrest in 2010 while he was on probation, and his subsequent conviction and incarceration for failing to comply with certain registration requirements. In a May 7, 2013 order, the Court granted plaintiff leave to proceed in forma pauperis and dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because he failed to state a claim against the defendants, as they are entitled to Eleventh Amendment immunity and are not "persons" for purposes of § 1983. Plaintiff was given leave to file an amended complaint in the event that he

1

could state a claim against a defendant who is not immune. The Court specifically informed plaintiff that any amended complaint must allege sufficient factual matter to state a plausible claim for relief.

Plaintiff subsequently filed an amended complaint, which is currently before the Court. The amended complaint does not list any new defendants and consists wholly of legal conclusions and conclusory statements.

## II. STANDARD OF REVIEW

As plaintiff is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the amended complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).

2

Furthermore, courts evaluating the viability of a complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted); see also Renfro v. Unisys Corp., 671 F.3d 314, 320 (3d Cir. 2011). Thus, although the Court must construe plaintiff's allegations liberally because he is proceeding pro se, Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), he must recite more than "labels and conclusions" to state a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

### III. DISCUSSION

Here, plaintiff's amended complaint consists solely of legal conclusions and conclusory statements. It makes no factual allegations whatsoever. In any event, as explained in the Court's May 7, 2013 order, plaintiff has no legal basis for any claims against the Commonwealth or the Pennsylvania Department of Probation & Parole because those defendants are entitled to Eleventh Amendment immunity and are not "persons" for purposes of § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989); Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008).

Plaintiff will not be given another opportunity to amend his complaint because amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). He cannot cure the defects in his claims against the Commonwealth and the Pennsylvania Department of Probation & Parole. Furthermore, the

Court cannot discern any basis for a viable claim from plaintiff's pleadings. Any false arrest claims appear to be time-barred, Wallace v. Kato, 549 U.S. 384, 387 & 393-94 (2007); see also 42 Pa. Cons. Stat. § 5524, and any claims based on plaintiff's allegedly unconstitutional conviction and/or incarceration would not be cognizable in a § 1983 action. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation [of his conviction or sentence]) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration.")(emphasis omitted); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

## IV. CONCLUSION

For the foregoing reasons, plaintiff's amended complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). An appropriate order follows.